UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | 21-MJ-03395 |
| ) | |
| ) | LOS ANGELES, CALIFORNIA |
| MATTHEW NICHOLAS GRIMES, ) | |
| ) | JULY 23, 2021 |
| ) | |
| ) | (10:28 A.M. TO 10:54 A.M.) |
| DEFENDANT. ) | |
| ) | |

ARREST ON OUT OF DISTRICT WARRANT

BEFORE THE HONORABLE PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:            SEE NEXT PAGE

COURT REPORTER:         RECORDED; COURTSMART

COURTROOM DEPUTY:       ISABEL MARTINEZ

TRANSCRIBER:            DOROTHY BABYKIN
                       COURTHOUSE SERVICES
                       1218 VALEBROOK PLACE
                       GLENDORA, CALIFORNIA  91740
                       (626) 963-0566

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF UNITED STATES OF AMERICA:

 3           TRACY WILKISON, ACTING
             UNITED STATES ATTORNEY
 4           BRANDON FOX
             CHIEF, CRIMINAL DIVISION
 5           ASSISTANT UNITED STATES ATTORNEY
             BY:  MICHAEL MORSE
 6           ASSISTANT UNITED STATES ATTORNEY
             312 NORTH SPRING STREET
 7           LOS ANGELES, CALIFORNIA  90012

 8           UNITED STATES ATTORNEY'S OFFICE
             EASTERN DISTRICT OF NEW YORK
 9           BY:  NATHAN REILLY
             ASSISTANT UNITED STATES ATTORNEY
10           27IA CADMAN PLAZA
             EAST BROOKLYN, NEW YORK  11201
11           (TELEPHONICALLY)

12   FOR THE DEFENDANT MATTHEW NICHOLAS GRIMES:

13
             THE FREEDMAN FIRM
14           BY:  MICHAEL GREGORY FREEDMAN
                  ATTORNEY AT LAW
15           800 WILSHIRE BOULEVARD
             SUITE 1050
16           LOS ANGELES, CALIFORNIA  90017

17           MICHAEL SCHWARTZ
             ATTORNEY AT LAW
18
     ALSO PRESENT:
19
             NICHOLAS WALKER
20           U.S. PRETRIAL SERVICES OFFICER

21

22

23

24

25
```

3

1                                  I N D E X

2    21-MJ-03395                                      JULY 23, 2021

3
     PROCEEDINGS:   ARREST ON OUT OF DISTRICT WARRANT
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1          LOS ANGELES, CALIFORNIA; JULY 23, 2021; 10:28 A.M.

2          THE CLERK:  CALLING CASE NUMBER 21-MJ-3395, UNITED

3     STATES VERSUS MATTHEW NICHOLAS GRIMES.

4          COUNSEL, PLEASE STATE YOUR APPEARANCES, STARTING WITH

5     PLAINTIFF.

6          MR. MORSE:  GOOD MORNING, YOUR HONOR.

7          MICHAEL MORSE ON BEHALF OF THE UNITED STATES, AUSA,

8     FROM THE CENTRAL DISTRICT OF CALIFORNIA.

9          I ALSO HAVE WITH ME NATHAN REILLY FROM THE EASTERN

10    DISTRICT OF NEW YORK WHO WILL BE TAKING THE LEAD ON THIS

11    MATTER.

12         GOOD MORNING.

13         THE COURT:  GOOD MORNING, MR. MORSE.

14         MR. REILLY:  GOOD MORNING, YOUR HONOR.

15         THE COURT:  GOOD MORNING, MR. REILLY.

16         MR. FREEDMAN:  GOOD MORNING, YOUR HONOR.

17         MICHAEL FREEDMAN --

18         MR. REILLY:  GOOD MORNING, JUDGE.

19         MR. FREEDMAN:  -- ON BEHALF OF THE DEFENDANT MATTHEW

20    GRIMES, WHO IS IN CUSTODY AND HAS WAIVED HIS APPEARANCE.

21         AND ALSO REPRESENTING MR. GRIMES IS MATTHEW SCHWARTZ,

22    WHO IS APPEARING VIA ZOOM.

23         MR. SCHWARTZ:  GOOD MORNING.

24         THE COURT:  ALL RIGHT.

25         GOOD MORNING, MR. FREEDMAN.

1              GOOD MORNING, MR. SCHWARTZ.

2              ALL RIGHT.  FIRST, AS --

3              MR. FREEDMAN, YOU SAID YOUR CLIENT HAS WAIVED HIS

4    RIGHT TO BE PRESENT IN PERSON IN OPEN COURT.

5              I HAVE RECEIVED THE WAIVER OF --

6              EVERYTHING ALL RIGHT?

7              MR. FREEDMAN:  I'M TOO TALL FOR THE MICROPHONE.

8              (LAUGHTER.)

9              THE COURT:  I'M USUALLY TOO SHORT.

10             ALL RIGHT.  I HAVE RECEIVED THE WRITTEN WAIVER OF MR.

11   GRIMES'S RIGHT TO BE PRESENT IN COURT.

12             AND I JUST WANT TO ASK YOU, MR. FREEDMAN, DID YOU

13   DISCUSS WITH YOUR CLIENT HIS RIGHT TO BE PRESENT HERE IN COURT

14   TODAY AND HIS DECISION TO WAIVE THAT RIGHT?

15             MR. FREEDMAN:  YES, YOUR HONOR, THROUGH ANOTHER

16   LAWYER WHO WAS AT THE JAIL WITH MR. GRIMES YESTERDAY.  WE'VE

17   CONFIRMED THAT.  AND HE'S WAIVED HIS RIGHT.

18             THE COURT:  ALL RIGHT.

19             AND YOU BELIEVE HIS WAIVER OF HIS RIGHT TO BE PRESENT

20   HERE IN COURT IS KNOWING AND VOLUNTARY?

21             MR. FREEDMAN:  YES, YOUR HONOR.

22             THE COURT:  ALL RIGHT.  THEN I ACCEPT THE WAIVER OF

23   MR. GRIMES'S PRESENCE HERE IN COURT TODAY.

24             ALL RIGHT.  I UNDERSTAND THAT THE PARTIES HAVE

25   REACHED AN AGREEMENT REGARDING THE TERMS FOR AN APPEARANCE BOND

1   THAT THE GOVERNMENT BELIEVES SATISFIES THE FLIGHT RISK CONCERNS

2   HERE.

3           IS THAT CORRECT, MR. REILLY?

4           MR. REILLY:  THAT IS CORRECT, YOUR HONOR.

5           THE COURT:  ALL RIGHT.

6           AND I HAVE ALSO RECEIVED THE PROPOSED ORDER SETTING

7   THE CONDITIONS OF MR. GRIMES'S RELEASE.

8           AND I HAVE REVIEWED ALL OF THE PAPERWORK SUBMITTED BY

9   COUNSEL.

10          THANK YOU VERY MUCH.

11          I HAVE ONE QUESTION.  AND, PERHAPS, I MISSED IT.

12          IT DOES NOT APPEAR THAT THERE IS ANY CONDITION

13  ADDRESSING MR. GRIMES'S RESIDENCY -- NO RESTRICTION ON HIS

14  RESIDENCY.

15          IS THAT -- DID I MISS IT?  OR IS THAT INTENTIONAL OR

16  SOMETHING THAT YOU ALL ARE LOOKING TO HAVE THE COURT IN THE

17  EASTERN DISTRICT OF NEW YORK ADDRESS?

18          MR. FREEDMAN:  YOUR HONOR, I THINK THAT WE INTENDED

19  TO HAVE THAT ADDRESSED THROUGH THE TRAVEL CONDITION.

20          SO, HIS -- HE IS GOING TO RESIDE IN THE CENTRAL

21  DISTRICT OF CALIFORNIA.  AND THEN HE CAN TRAVEL TO THE EASTERN

22  DISTRICT OF NEW YORK AND THE SOUTHERN DISTRICT OF NEW YORK FOR

23  PURPOSES OF THIS CASE.

24          THE COURT:  AND IS THERE ANY FURTHER RESTRICTION

25  REGARDING WHERE IN THE CENTRAL DISTRICT OF CALIFORNIA OR THE

1    NEW YORK DISTRICTS THAT HE IS REQUIRED TO RESIDE?

2              MR. FREEDMAN:  NOT THAT THE PARTIES HAVE DISCUSSED.

3              THE COURT:  ALL RIGHT.

4              AND IS THAT ACCEPTABLE TO THE GOVERNMENT?

5              MR. REILLY:  EXCUSE ME.

6              YES, YOUR HONOR.  WE UNDERSTOOD THAT HE WILL RESIDE

7    IN THE CENTRAL DISTRICT.

8              AND I THINK COUNSEL HAD INDICATED THAT HE WAS -- HE

9    HAD PREVIOUSLY BEEN RESIDENT IN THE DISTRICT OF COLORADO BUT

10   WILL BE RESIDENT IN THE CENTRAL DISTRICT.

11             I THINK WE CAN FIX A PRECISE ADDRESS AT THE

12   APPEARANCE ON MONDAY AS TO WHERE HE WILL BE.

13             AND, OBVIOUSLY, AS THE COURT IS AWARE, THE PARTIES

14   ARE -- ARE RECOMMENDING LOCATION MONITORING AS PART OF THE --

15   AS PART OF THE CONDITIONS OF RELEASE.

16             THE COURT:  RIGHT.  OKAY.  THANK YOU.  YES.

17             AND JUST SO I UNDERSTAND -- BECAUSE WE HAVE SOME

18   DIFFERENT TYPES OF LOCATION MONITORING -- IS THIS A

19   RECOMMENDATION FOR LOCATION MONITORING WITH OR WITHOUT A

20   BRACELET?

21             MR. REILLY:  YOUR HONOR, THE GOVERNMENT WOULD SEEK A

22   BRACELET.

23             THE COURT:  SO, IT'S LOCATION MONITORING WITH A

24   BRACELET WITH GPS THEN.

25             IS THAT RIGHT?

8

```
 1              MR. REILLY:  YES, YOUR HONOR.

 2              THE COURT:  OKAY.

 3              ALL RIGHT.  MR. FREEDMAN, IS THAT YOUR UNDERSTANDING

 4    AS WELL?

 5              MR. FREEDMAN:  YES, YOUR HONOR.

 6              THE COURT:  ALL RIGHT.

 7              U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR,

 8    NICHOLAS WALKER, PRETRIAL SERVICES.

 9              THE COURT:  HI.  GOOD MORNING, MR. WALKER.

10              U.S. PRETRIAL SERVICES OFFICER WALKER:  GOOD MORNING.

11              PRETRIAL SERVICES RESPECTFULLY ASKS THAT RELEASE TO

12    PSA ONLY IN THIS MATTER.

13              (PAUSE IN PROCEEDINGS.)

14              THE COURT:  PRETRIAL SERVICES IS ASKING THAT THERE BE

15    NO LOCATION MONITORING.

16              IS THAT CORRECT?

17              U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR,

18    PRETRIAL SERVICES IS ASKING FOR RELEASE TO PSA ONLY.

19              THE COURT:  OH, I'M SORRY.  YOU CUT OUT A LITTLE BIT.

20              IN OTHER WORDS, RELEASE TO PRETRIAL SERVICES ONLY SO

21    THAT YOU CAN PLACE THE BRACELET ON HIM.

22              IS THAT RIGHT?

23              U.S. PRETRIAL SERVICES OFFICER WALKER:  CORRECT, YOUR

24    HONOR.

25              THE COURT:  ALL RIGHT.  THANK YOU.
```

9

1              SORRY.  YOU CUT OUT.  AND I MISUNDERSTOOD.

2              AND IS THAT SOMETHING WHICH COULD BE ACCOMPLISHED

3     TODAY?

4              U.S. PRETRIAL SERVICES OFFICER WALKER:  WELL, YOUR

5     HONOR, I ALREADY REACHED OUT TO THE LOCATION MONITORING OFFICE

6     -- OFFICER.  SO, THAT COULD BE ARRANGED TODAY.

7              THE COURT:  ALL RIGHT.

8              U.S. PRETRIAL SERVICES OFFICER WALKER:  FURTHER, WE

9     DO ASK IF THE DEFENDANT CAN RESIDE AS APPROVED BY PSA AND DO

10    NOT RELOCATE WITHOUT THE PRIOR PERMISSION BY PSA.

11             THE COURT:  ALL RIGHT.  YEAH.  I'M INCLINED TO ADD

12    THAT.  THAT IS A PRETTY STANDARD CONDITION OF RELEASE, AT LEAST

13    CERTAINLY IN THIS DISTRICT.

14             ARE THERE ANY OTHER CONDITIONS OF RELEASE THAT THE

15    PRETRIAL SERVICES OFFICER PROPOSES?

16             U.S. PRETRIAL SERVICES OFFICER WALKER:  NO, YOUR

17    HONOR.

18             THE COURT:  ALL RIGHT.  THANK YOU.

19             DO EITHER OF THE PARTIES HAVE ANY COMMENT ABOUT THE

20    CONDITIONS PROPOSED BY PRETRIAL?

21             (PAUSE IN PROCEEDINGS.)

22             MR. REILLY:  NO OBJECTION FROM THE GOVERNMENT, YOUR

23    HONOR.

24             THE COURT:  ALL RIGHT.

25             MR. FREEDMAN:  YOUR HONOR, JUST IN AN ABUNDANCE OF

10

1   CAUTION SINCE WE'RE UP AGAINST THE WEEKEND, I JUST WANTED TO

2   MAKE SURE THAT I -- IT SOUNDS AS THOUGH PRETRIAL WILL BE ABLE

3   TO PUT THE MONITOR ON THIS AFTERNOON UPON MR. GRIMES'S RELEASE.

4            ONE OF THE REASONS WE DISCUSSED WITH THE GOVERNMENT

5   THE CONDITION OF COUNSEL TAKING HIM TO THE AIRPORT WAS JUST IN

6   CASE IT WASN'T POSSIBLE TO PUT THAT BRACELET ON BY THE WEEKEND.

7            SO, I THINK IT'S FAIR TO SAY THAT THE PARTIES

8   CONTEMPLATED THAT IN THE UNLIKELY EVENT THAT THERE'S ANY DELAY

9   WITH THE MONITOR, IT WOULDN'T HOLD UP THE RELEASE TODAY.

10           BASED ON PRETRIAL'S COMMENTS, IT DOESN'T SOUND LIKE

11  THAT'S GOING TO BE A CONCERN.  BUT I JUST WANTED TO MAKE SURE I

12  UNDERSTAND THAT CORRECTLY JUST SO THERE IS NO SITUATION IN

13  WHICH THE BRACELET IS NOT READY TODAY.  AND, THEREFORE, HE'S

14  GOT TO STAY IN CUSTODY OVER THE WEEKEND.  WE WANT TO AVOID

15  THAT.

16           THE COURT:  ALL RIGHT.  WELL, IT SOUNDS LIKE THE

17  BRACELET WILL BE READY TODAY.  SO, I AM GOING TO IMPOSE THAT

18  CONDITION.

19           IF IT TURNS OUT THIS AFTERNOON THAT THERE IS SOME

20  ISSUE, YOU ALL ARE FREE TO NOTIFY MY COURTROOM DEPUTY.  I AM ON

21  DUTY TODAY.  AND, SO, I'LL BE VERY LIKELY IN THIS COURTROOM.

22           AND I CAN ADDRESS THAT ISSUE IF IT COMES UP, WHICH

23  HOPEFULLY IT WON'T.

24           MR. FREEDMAN:  GREAT.  THANK YOU VERY MUCH, YOUR

25  HONOR.

1                THE COURT:  ALL RIGHT.

2                ALL RIGHT.  THEN THE COURT ORDERS THE FOLLOWING BOND

3       AND CONDITIONS OF RELEASE FOR THE DEFENDANT MATTHEW GRIMES.

4                AN APPEARANCE BOND IN THE AMOUNT OF $5 MILLION

5       SECURED BY A 2.5-MILLION-DOLLAR DEED RECORDED AGAINST THE

6       PROPERTY AT 4015 CORTA ROAD IN SANTA BARBARA, CALIFORNIA OWNED

7       BY THE DEFENDANT'S PARENTS, BRETT AND MARISSA GRIMES, TO BE

8       RECORDED AS SOON AS PRACTICABLE.

9                MR. FREEDMAN, HAS THAT BOND BEEN RECORDED YET?

10               MR. FREEDMAN:  NO, YOUR HONOR.  AND BASED ON MY

11      EXPERIENCE IT'S LIKELY TO TAKE UP TO A MONTH OR TWO.

12               AND, SO, THE PARTIES HAVE CONTEMPLATED THAT AS PART

13      OF THIS AGREEMENT.

14               THE COURT:  ALL RIGHT. AND -- YES.  YES.

15               AND UNTIL THE DEED IS RECORDED, BRETT GRIMES, WHO IS

16      THE DEFENDANT'S FATHER, AGREES NOT TO USE, TRANSFER, CONVEY OR

17      OTHERWISE ENCUMBER THE APPROXIMATELY $2 MILLION IN HIS IRA

18      RETIREMENT ACCOUNTS.

19               THE BOND IN ADDITION TO THE 2.5-MILLION-DOLLAR

20      SECURED BOND, THE BOND IS ALSO SECURED WITH A SIGNATURE BOND IN

21      THE AMOUNT OF $5 MILLION SIGNED BY EACH OF BRETT, MARISSA AND

22      SCOTT GRIMES, WHO IS THE DEFENDANT'S BROTHER.

23               AND I BELIEVE THE COURT HAS RECEIVED THOSE SIGNATURE

24      BONDS.

25               (PAUSE IN PROCEEDINGS.)

1          THE COURT:  YES.  THE AFF- -- I SHOULD SAY THE

2   SIGNATURE AFFIDAVITS OF SURETY.

3          DEFENDANT WILL TRANSFER HIS $1 MILLION IN SAVINGS AS

4   SOON AS PRACTICABLE TO THE CUSTODY OF HIS COUNSEL WHO MAY USE

5   THE FUNDS AS NECESSARY FOR MR. GRIMES'S LEGAL FEES AND OTHER

6   EXPENSES.

7          (PAUSE IN PROCEEDINGS.)

8          THE COURT:  DEFENDANT WILL BE SUBJECT TO LOCATION

9   MONITORING WITH A BRACELET THAT WILL INCLUDE GLOBAL POSITIONING

10  SYSTEM MONITORING.

11         AND DEFENDANT WILL BE RELEASED TO THE SUPERVISING

12  AGENCY FOR PLACEMENT OF THE LOCATION MONITORING BRACELET.

13         DEFENDANT SHALL HAVE NO CONTACT WITH THE FIRST-NAMED

14  DEFENDANT IN THE EASTERN DISTRICT OF NEW YORK MATTER, NUMBER

15  121-CR-00371-BMC-TAM, OR WITH ANY OFFICIALS OF THE UNITED ARAB

16  EMIRATES OR THE KINGDOM OF SAUDI ARABIA OR THEIR KNOWN

17  ASSOCIATES.

18         DEFENDANT SHALL HAVE NO CONTACT WITH THE SECOND NAMED

19  DEFENDANT OTHER THAN IN THE COMPANY OF THEIR RESPECTIVE

20  COUNSEL.

21         (PAUSE IN PROCEEDINGS.)

22         THE COURT:  DEFENDANT WILL SURRENDER ALL PASSPORTS

23  AND TRAVEL DOCUMENTS TO THE PRETRIAL SERVICES AGENCY NO LATER

24  THAN JULY 23RD, 2021 AND SIGN A DECLARATION REGARDING PASSPORT

25  AND OTHER TRAVEL DOCUMENTS.

13

1        AND THE DEFENDANT IS ORDERED NOT TO APPLY FOR A

2   PASSPORT OR OTHER TRAVEL DOCUMENT DURING THE PENDENCY OF THIS

3   CASE.

4            (PAUSE IN PROCEEDINGS.)

5            THE COURT:  DEFENDANT -- THE FOLLOWING RESTRICTIONS

6   APPLY.

7        IN ADDITION TO THE LOCATION MONITORING, DEFENDANT

8   WILL BE SUBJECT TO A CURFEW OF 10:00 P.M. UNTIL 6:00 A.M.

9            (PAUSE IN PROCEEDINGS.)

10           THE COURT:  DEFENDANT WILL SUBMIT TO PRETRIAL

11  SERVICES AGENCY'S SUPERVISION AS DIRECTED BY THE PRETRIAL

12  SERVICES AGENCY.

13           DEFENDANT'S TRAVEL WILL BE RESTRICTED TO THE CENTRAL

14  DISTRICT OF CALIFORNIA, THE EASTERN DISTRICT OF NEW YORK AND

15  THE SOUTHERN DISTRICT OF NEW YORK.

16           AND AS DIRECTED BY THE GOVERNMENT, AND SUBJECT TO

17  FURTHER ORDER OF THE UNITED STATES DISTRICT COURT FOR THE

18  EASTERN DISTRICT OF NEW YORK, DEFENDANT SHALL APPEAR IN THAT

19  COURT, THE EASTERN DISTRICT OF NEW YORK, ON OR ABOUT MONDAY,

20  JULY 26TH, 2021.

21           IN ADVANCE OF TRAVEL TO THE EASTERN DISTRICT OF NEW

22  YORK FOR THE INITIAL HEARING, DEFENDANT WILL REMAIN IN THE

23  CENTRAL DISTRICT OF CALIFORNIA.

24           WITHIN 24 HOURS' NOTICE OF BEING PROVIDED -- OF THE

25  INITIAL HEARING IN THE EASTERN DISTRICT OF NEW YORK SCHEDULE,

1    DEFENDANT SHALL PROVIDE A COMPLETE TRAVEL ITINERARY TO THE

2    GOVERNMENT.

3             WHEN DEFENDANT TRAVELS FROM THE CENTRAL DISTRICT OF

4    CALIFORNIA TO THE EASTERN DISTRICT OF NEW YORK INITIAL HEARING,

5    HE SHALL BE ACCOMPANIED BY ONE OF HIS COUNSEL TO THE SECURITY

6    CHECKPOINT AT THE AIRPORT IN LOS ANGELES.

7             AND THEN HE SHALL BE MET AT THE SECURITY CHECKPOINT

8    AT THE AIRPORT IN NEW YORK BY ONE OF HIS COUNSEL.

9             DEFENDANT WILL MAINTAIN OR ACTIVELY SEEK EMPLOYMENT

10   AND PROVIDE PROOF TO THE PRETRIAL SERVICES AGENCY.

11            HIS EMPLOYMENT SHALL BE APPROVED BY THE PRETRIAL

12   SERVICES AGENCY.

13            DEFENDANT SHALL RESIDE AS APPROVED BY THE PRETRIAL

14   SERVICES AGENCY AND WILL NOT RELOCATE WITHOUT PRIOR PERMISSION

15   FROM THE SUPERVISING AGENCY.

16            DEFENDANT WILL NOT USE OR POSSESS ANY IDENTIFICATION,

17   MAIL MATTER, ACCESS DEVICE OR IDENTIFICATION-RELATED MATERIAL

18   OTHER THAN IN HIS OWN LEGAL OR TRUE NAME WITHOUT PRIOR

19   PERMISSION FROM THE PRETRIAL SERVICES AGENCY.

20            IN ORDER TO DETERMINE COMPLIANCE, DEFENDANT AGREES TO

21   SUBMIT TO A SEARCH OF HIS PERSON AND/OR PROPERTY BY THE

22   PRETRIAL SERVICES AGENCY IN CONJUNCTION WITH THE UNITED STATES

23   MARSHAL.

24            (PAUSE IN PROCEEDINGS.)

25            THE COURT:  DEFENDANT SHALL NOT TRANSFER ANY FUNDS

1   OVERSEAS OR ENGAGE IN ANY FINANCIAL TRANSACTION WITH ANY

2   OVERSEAS COUNTERPARTY.

3           DEFENDANT SHALL NOT ENGAGE IN ANY DOMESTIC FINANCIAL

4   TRANSACTIONS IN EXCESS OF $10,000 EXCEPTING NORMAL AND

5   CUSTOMARY PAYMENT OF ATTORNEY'S FEES AND INCLUDING, BUT NOT

6   LIMITED TO, ANY TRANSACTIONS INVOLVING PUBLICLY HELD SECURITIES

7   OF ANY DESCRIPTION WITHOUT THE PRIOR WRITTEN CONSENT OF THE

8   GOVERNMENT.

9           (PAUSE IN PROCEEDINGS.)

10          THE COURT:  DEFENDANT SHALL TRAVEL ONLY BY ROAD OR

11  COMMON AIR CARRIER.

12          AFTER THE EASTERN DISTRICT OF NEW YORK INITIAL

13  HEARING, TRAVEL SHALL BE RESTRICTED TO THE CENTRAL DISTRICT OF

14  CALIFORNIA, THE EASTERN DISTRICT OF NEW YORK, AND THE SOUTHERN

15  DISTRICT OF NEW YORK.

16          WRITTEN ADVANCE NOTICE SHALL BE PROVIDED TO THE

17  GOVERNMENT OF ALL ITINERARIES NOT LESS THAN THREE BUSINESS DAYS

18  IN ADVANCE OF TRAVEL BETWEEN THESE DISTRICTS.

19          AS DIRECTED BY THE GOVERNMENT, AND SUBJECT TO FURTHER

20  ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

21  DISTRICT OF NEW YORK, ON THE DAY OF THE EASTERN DISTRICT OF NEW

22  YORK INITIAL HEARING, DEFENDANT SHALL REPORT TO EASTERN

23  DISTRICT OF NEW YORK PRETRIAL SERVICES.

24          SHALL AGREE TO SUCH TELEPHONE AND/OR INTERNET CONTACT

25  PROTOCOL AS IS DIRECTED.

1        AND SHALL SUBMIT TO GPS MONITORING AT HIS OWN

2   EXPENSE.

3        ALL RIGHT.

4        COUNSEL, ARE THERE ANY OTHER TERMS OF RELEASE AGREED

5   UPON BY THE PARTIES?

6        MR. REILLY:  NOT FROM THE GOVERNMENT, YOUR HONOR.

7        I DO NOTE JUST FOR THE RECORD, YOUR HONOR AND FOR THE

8   COURT, THAT THE MAGISTRATE JUDGE WHO WILL BE CONDUCTING THE

9   ARRAIGNMENT ON MONDAY, JUDGE BULSARA, IN THE EASTERN DISTRICT

10  HAS SET A TIME FOR THAT ARRAIGNMENT AT 12:00 NOON.  THAT HAS

11  PREVIOUSLY BEEN COMMUNICATED TO COUNSEL.  HE HAS ASKED THAT --

12  OR DIRECTED THAT THE DEFENDANTS APPEAR IN PERSON.

13       I FURTHER INDICATED AND COMMUNICATED TO COUNSEL THAT

14  AS EDNY WILL -- THAT THE JUDGE IN EDNY WILL BE SETTING A BOND

15  AS WELL, WHICH I SUSPECT WHAT WILL BE RECOMMENDED WILL BE MUCH

16  LIKE WHAT IS BEFORE THE COURT --

17       THE COURT HAS ASKED THAT THE SURETIES ALSO APPEAR BUT

18  IS PREPARED TO HAVE THAT APPEAR -- THAT APPEARANCE BE REMOTE.

19       THE COURT:  ALL RIGHT.

20       SO, MR. GRIMES IS ORDERED TO APPEAR BEFORE JUDGE

21  BULSARA I BELIEVE YOU SAID AT NOON ON JULY 26TH, 2021.

22       MR. GRIMES IS ORDERED TO APPEAR IN PERSON.

23       THE SURETIES WHO HAVE -- IN SUPPORT OF HIS BOND,

24  SPECIFICALLY HIS MOTHER, HIS FATHER, AND HIS BROTHER -- MARISSA

25  GRIMES, BRETT GRIMES AND SCOTT GRIMES -- ARE ALSO ORDERED TO

1  APPEAR BEFORE JUDGE BULSARA IN THE EASTERN DISTRICT OF NEW YORK

2  AT NOON ON JULY 26TH, 2021.  THEY MAY APPEAR REMOTELY.  AND

3  THEY ARE -- THEY ARE ORDERED TO APPEAR AT THAT TIME.

4          ALL RIGHT.

5          MR. REILLY, IS THERE ANYTHING ELSE?

6          MR. REILLY:  YOUR HONOR, THIS MAY JUST BE A MATTER OF

7  DIFFERENCE IN LOCAL PRACTICE SO I JUST WILL INQUIRE WITH THE

8  COURT.

9          I KNOW THE SURETIES ARE I BELIEVE AVAILABLE ON THE

10 LINE.  I DON'T KNOW WHETHER IT'S THE COURT'S PRACTICE TO

11 TYPICALLY INQUIRE OF THE SURETIES OR CONFIRM THEIR SIGNATURE.

12 THAT WOULD BE MORE STANDARD PRACTICE IN THE EASTERN DISTRICT,.

13         ALTHOUGH, WE -- WE TEND NOT TO USE THE AFFIDAVITS OF

14 SURETY THAT I BELIEVE THE COURT HAS BEEN PROVIDED.

15         SO, I JUST WANTED TO ALERT THE COURT TO THEIR

16 PRESENCE.  BECAUSE AS I SAID, TYPICALLY IN AN EASTERN DISTRICT

17 PROCEEDING THEY WOULD -- THE COURT WOULD INQUIRE OF THEM ABOUT

18 THEIR SIGNATURE.

19         BUT I JUST -- I RAISE THAT WITH THE COURT FOR -- FOR

20 WHATEVER THE COURT DEEMS APPROPRIATE.

21         THE COURT:  I CAN CERTAINLY INQUIRE.  THERE ARE SOME

22 INSTANCES IN WHICH THE COURTS HERE INQUIRE OF THE SURETIES.

23         I HAVE REVIEWED ALL OF THE MATERIALS THAT WERE

24 SUBMITTED BY DEFENSE COUNSEL, INCLUDING THE -- THE AFFIDAVITS

25 OF SURETIES.  BUT I CAN CERTAINLY INQUIRE.

18

1              I BELIEVE MR. AND MRS. GRIMES, MARISSA AND BRETT

2    GRIMES, ARE BEFORE THE COURT REMOTELY.

3              IS THAT CORRECT?

4              BRETT GRIMES:  WE ARE HERE.

5              MARISSA GRIMES:  WE'RE HERE.

6              THE COURT:  ALL RIGHT.

7              AND IS SCOTT GRIMES ALSO PRESENT?

8              SCOTT GRIMES:  YES.  YES, MA'AM.

9              THE COURT:  ALL RIGHT.

10              SO, LET ME ASK EACH OF YOU BEGINNING WITH MARISSA

11    GRIMES.

12              THE COURT HAS AN AFFIDAVIT OF SURETY WHICH CONTAINS

13    YOUR NAME AND WHAT APPEARS TO BE YOUR SIGNATURE ALONG WITH YOUR

14    ADDRESS.

15              MRS. GRIMES, DID YOU SIGN THE AFFIDAVIT OF SURETY IN

16    THIS MATTER?

17              MARISSA GRIMES:  YES, I DID.

18              THE COURT:  IS THAT YOUR TRUE AND CORRECT SIGNATURE

19    ON THE FORM?

20              MARISSA GRIMES:  YES, IT IS.

21              THE COURT:  ALL RIGHT.

22              AND, MR. GRIMES, IS THIS ALSO YOUR TRUE AND CORRECT

23    SIGNATURE ON THE AFFIDAVIT OF SURETY IN SUPPORT OF THE BOND IN

24    THIS MATTER?

25              BRETT GRIMES:  YES, YOUR HONOR.

19

1               THE COURT:  ALL RIGHT.

2               AND, FINALLY, MR. GRIMES -- SCOTT GRIMES, IS THIS

3    ALSO YOUR TRUE AND CORRECT SIGNATURE ON THE AFFIDAVIT OF SURETY

4    IN SUPPORT OF THE BOND?

5               SCOTT GRIMES:  YES, IT IS, YOUR HONOR.

6               THE COURT:  ALL RIGHT.

7               AND THIS QUESTION IS FOR ALL THREE OF YOU.

8               DO YOU UNDERSTAND THAT IF THE DEFENDANT MATTHEW

9    GRIMES FAILS TO COMPLY WITH ANY OF THE CONDITIONS OF SUPERVISED

10   RELEASE, YOU COULD FORFEIT THE ENTIRE AMOUNT OF THIS BOND TO

11   THE GOVERNMENT?

12              BRETT GRIMES:  WE UNDERSTAND.  I -- I UNDERSTAND.

13              MARISSA GRIMES:  YES.

14              SCOTT GRIMES:  YES, I UNDERSTAND AS WELL.

15              MARISSA GRIMES:  YEAH.

16              THE COURT:  ALL RIGHT.

17              AND UNDERSTANDING THAT, YOU HAVE VOLUNTARILY SIGNED

18   THESE AFFIDAVITS OF SURETY.

19              IS THAT CORRECT?

20              BRETT GRIMES:  YES.

21              MARISSA GRIMES:  YES.

22              SCOTT GRIMES:  YES, I VOLUNTARILY.  YES.

23              THE COURT:  ALL RIGHT.

24              AND AS YOU SHOULD HAVE HEARD EARLIER, YOU ARE

25   REQUIRED TO APPEAR BEFORE THE COURT IN THE EASTERN DISTRICT OF

1  NEW YORK AT NOON ON MONDAY, JULY 26TH OF 2021.

2         DO YOU UNDERSTAND?

3         BRETT GRIMES:  YES.

4         MARISSA GRIMES:  YES.

5         SCOTT GRIMES:  YES.

6         THE COURT:  ALL RIGHT.

7         IS THERE ANYTHING FURTHER FROM THE GOVERNMENT?

8         MR. REILLY:  ONE LAST ITEM, YOUR HONOR.

9         AND MR. FREEDMAN MAY HAVE INDICATED THIS, BUT SINCE

10  -- AS MR. GRIMES IS NOT -- HAS WAIVED HIS APPEARANCE, I

11  BELIEVE HE INDICATED -- BUT I JUST WANTED TO CONFIRM -- THAT

12  THE -- THE TERMS AND CONDITIONS OF THE BOND HAVE BEEN PRESENTED

13  TO MR. GRIMES, AND THAT HE -- THAT MR. FREEDMAN OR COUNSEL CAN

14  CONFIRM THAT HE UNDERSTANDS AND AGREES TO THOSE CONDITIONS.

15         THE COURT:  MR. FREEDMAN, IS THAT CORRECT?

16         MR. FREEDMAN:  THAT'S CORRECT, YOUR HONOR.

17         THE COURT:  ALL OF THE TERMS OF THE BONDS HAVE BEEN

18  DISCUSSED WITH YOUR CLIENT?

19         MR. FREEDMAN:  YES, YOUR HONOR.

20         THE COURT:  ALL RIGHT.

21         ALL RIGHT.  AND YOUR CLIENT HAS WAIVED HIS

22  APPEARANCE.  BUT I AM DIRECTING YOU, MR. FREEDMAN, TO INSTRUCT

23  YOUR CLIENT THAT HE IS REQUIRED TO COMPLY WITH ALL OF THE

24  CONDITIONS OF THE RELEASE -- OF THE BOND THAT ARE SET FORTH

25  HERE TODAY.  AND IF HE FAILS TO COMPLY WITH ANY OF THEM HE MAY

21

1  BE SUBJECT TO DETENTION.

2           MR. FREEDMAN:  YES, YOUR HONOR.

3           THE COURT:  ALL RIGHT.

4           I WILL ALSO NOTE THAT IN ADDITION TO THE SPECIAL

5  CONDITIONS OF RELEASE THAT I LISTED EARLIER, THIS COURT HAS

6  GENERAL CONDITIONS OF RELEASE.

7           MR. FREEDMAN, YOU ARE ORDERED TO OBTAIN A COPY OF THE

8  GENERAL CONDITIONS OF RELEASE FROM PRETRIAL SERVICES AND TO

9  PRESENT THOSE TO YOUR CLIENT.  AND YOUR CLIENT IS REQUIRED ALSO

10 TO COMPLY WITH THE GENERAL CONDITIONS OF RELEASE.

11          IN ADDITION, THE COURT ORDERS THAT THE DEFENDANT IS

12 TO COMPLY WITH ALL LOCAL, STATE AND FEDERAL GUIDELINES

13 REGARDING COVID-19.

14          AND FINALLY, THE COURT ORDERS THAT A COPY OF ALL OF

15 THE CONDITIONS OF RELEASE BE PROVIDED TO ALL OF THE SURETIES IN

16 THIS MATTER.

17          MR. FREEDMAN:  YES, YOUR HONOR.

18          THE COURT:  ALL RIGHT.

19          ANYTHING FURTHER, MR. FREEDMAN?

20          MR. FREEDMAN:  NO, YOUR HONOR.

21          THANK YOU VERY MUCH.

22          THE COURT:  ALL RIGHT.  THANK YOU.

23          MR. REILLY:  THANK YOU, YOUR HONOR.

24          U.S. PRETRIAL SERVICES OFFICER WALKER:  JUST FOR

25 CLARIFICATION, JUST WANTED THE DEFENDANTS PLACED AT MDC.

22

1              CAN ANYBODY CONFIRM THAT?

2              THE COURT:  I THINK MY COURTROOM DEPUTY CAN ADDRESS

3      THAT.  BUT I BELIEVE THE DEFENDANT IS NOT AT THE MDC.

4              THE CLERK:  I BELIEVE HE'S IN SAN BERNARDINO.

5              MR. FREEDMAN:  YES, YOUR HONOR.

6              THE COURT:  YES.  MR. FREEDMAN HAS CONFIRMED HIS

7      CLIENT IS AT THE SAN BERNARDINO --

8              MR. FREEDMAN:  WEST VALLEY DETENTION CENTER.

9              THE COURT:  -- WEST VALLEY DETENTION CENTER IN SAN

10     BERNARDINO.

11             (PAUSE IN PROCEEDINGS.)

12             THE COURT:  ALL RIGHT.

13             AND I SHOULD HAVE ASKED.  ARE THERE ANY OTHER

14     QUESTIONS FROM PRETRIAL SERVICES?  I APOLOGIZE.  I NEGLECTED TO

15     ASK THAT.

16             U.S. PRETRIAL SERVICES OFFICER WALKER:  NO, YOUR

17     HONOR.

18             THANK YOU.

19             THE COURT:  ALL RIGHT.

20             THANK YOU VERY MUCH.

21             (PROCEEDINGS ADJOURNED AT 10:54 A.M.)

22

23

24

25

23

C E R T I F I C A T E

        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
ABOVE-ENTITLED MATTER.


/S/ DOROTHY BABYKIN                      7/26/21
_____     _____
FEDERALLY CERTIFIED TRANSCRIBER          DATED
DOROTHY BABYKIN